UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAYMOND D. LAWSON,

        Petitioner,

                                   Case No. 17-cv-11287

v.

                                   HON. TERRENCE G. BERG

RANDALL HAAS,                     HON. DAVID R. GRAND

        Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S
## MOTION FOR A STAY [DKT. 3] AND CLOSING THIS CASE

Petitioner Jaymond D. Lawson, a state prisoner at the Macomb Correctional Facility in New Haven, Michigan, recently filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254 and a motion to stay this federal proceeding.  In his pro se petition, Petitioner challenges his convictions for manslaughter and firearm offenses.  In his motion for a stay, Petitioner seeks to have his habeas petition held in abeyance while he exhausts state remedies for several claims.  For the reasons given below, the Court will **GRANT** Petitioner's motion for a stay and hold his habeas petition in abeyance, but close this case for administrative purposes.

## I.  BACKGROUND

Following a no-contest plea in Saginaw County Circuit Court, Petitioner was convicted of one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f, two counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and one count of manslaughter, Mich. Comp. Laws

§750.321.  The trial court sentenced Petitioner as a habitual offender to imprisonment for 100 months to twenty years for the felon-in-possession conviction, two concurrent terms of two years for the felony-firearm convictions, and 100 months to thirty years for the manslaughter conviction.  Petitioner appealed his convictions, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented to the court, *see People v. Lawson*, No. 329130 (Mich. Ct. App. Nov. 4, 2015), and on May 2, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue.  *People v. Lawson*, 499 Mich. 917; 877 N.W.2d 882 (2015).

The grounds for relief asserted in the pending habeas petition are:  (1) trial counsel's failure to properly advise Petitioner of possible pretrial motions relevant to his defense deprived him of effective assistance and rendered his plea unknowing; (2) the trial court abused its discretion by denying Petitioner's motion to withdraw his no-contest plea and by failing to conduct an evidentiary hearing; (3) Petitioner's plea was unknowing and involuntary because the trial court failed to comply with Michigan Court Rule 6.302; (4) the failure to negate a possible intoxication defense rendered the factual basis for the plea insufficient; (5) Petitioner's plea was not knowing and voluntary because trial counsel provided ineffective assistance; and (6) the prosecutor committed misconduct by failing to provide the trial court and trial counsel with accurate information.

## II.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising the claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State."  *O'Sullivan*, 526 U.S. at 845, 847.

Petitioner alleges that he raised his first claim on direct appeal and that he raised his remaining claims in a motion for relief from judgment, which is pending in the state trial court.  Thus, it appears that the habeas petition is a "mixed" petition of one exhausted claim and five unexhausted claims.

A federal district court ordinarily must dismiss a "mixed" petition containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  However, as explained in *Rhines v. Weber*, 544 U.S. 269 (2005),

> [T]he enactment of [the Antiterrorism and Effective Death Penalty Act (AEDPA)] in 1996 dramatically altered the landscape for federal habeas corpus petitions.  AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the

State"), but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d) . . . .

As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 274–75.

In light of this problem, some district courts have adopted a "stay-and-abeyance" approach. *Id*. at 275. Under this approach, a court stays the federal proceeding and holds the habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *Id*. After the state court completes its review of the petitioner's claims, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. See *Lundy*, 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Id*. at 278.

Petitioner alleges that appellate counsel was "cause" for his failure to raise all his claims on direct appeal, and there is no indication that he is engaged in

intentionally dilatory litigation tactics.  Furthermore, at least some of his unexhausted claims may have merit.

Accordingly, it is **ORDERED** that Petitioner's motion for a stay [Dkt. 3] is **GRANTED**, and the habeas petition will be held in abeyance.

It is further **ORDERED** that the Clerk of Court shall close this case for administrative purposes.

It is further **ORDERED** that, if Petitioner is unsuccessful in state court and wishes to return to this Court, he must file a motion to re-open this case, using the same case number that appears on this order.  A motion to re-open this case must be filed within **ninety (90) days** of the state courts' resolution of Petitioner's unexhausted claims.  Failure to comply with the conditions of this stay could result in the dismissal of this case.  *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2017

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 24, 2017, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager